Kent Brockelman (Arizona Bar No. 009627)
Scott M. Bennett (Arizona Bar No. 022350)
Coppersmith Schermer & Brockelman PLC
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-1009
(602) 224-0999
kbrockelman@csblaw.com
sbennett@csblaw.com

*Attorneys for Defendant FreeLife International, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| NLABS S.A. de C.V., a company formed under the laws of Mexico; and David Bird, an individual,<br><br>                     Plaintiffs,<br><br>  vs.<br><br>FreeLife International, Inc., a corporation registered and doing business in Arizona,<br><br>                     Defendant. | No. CV12-02081-PHX-GMS<br><br>**MOTION TO DISMISS** |

Defendant FreeLife International, Inc. ("FreeLife"), moves to dismiss the complaint because of insufficient service of process. FreeLife makes this motion under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

**Memorandum of Points and Authorities**

Without proper service under Rule 4 of the Federal Rules of Civil Procedure, a federal court lacks jurisdiction over a defendant. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). The fact that a defendant has actual notice of the complaint does not substitute for proper service. *Benny v. Pipes*, 799 F.2d 489, 492 (9th

{00077242.1 }

Cir. 1986).  And it is the Plaintiff who has the burden of establishing that service was valid.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

FreeLife is a corporation, and has its corporate headquarters within the District of Arizona.  The Plaintiff was therefore required to serve FreeLife by following the requirements of Rule 4(h)(1) of the Federal Rules of Civil Procedure.  Rule 4(h)(1) provides two potential methods of serving a corporation:

1. The plaintiff may serve the corporation by "following state law for serving a summons in an action in courts of general jurisdiction in the state where the district court is located . . . ."  Fed. R. Civ. P. 4(h)(1)(A) (referring back to Rule 4(e)(1)).  Under Arizona law, a plaintiff may serve a corporation within the state by "delivering a copy of the summons and of the pleading to a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."  Ariz. R. Civ. P. 4.1(k).

2. The plaintiff may serve the corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1)(B).  This is essentially the same as the list of individuals who can receive service on behalf of a corporation under Arizona law.  The only exception is that the Arizona Rule allows service upon "a partner" of the entity.  FreeLife is a corporation, and not a partnership, so that distinction makes no difference here.

On November 5, 2012, a constable delivered copies of the summons and complaint to Linda Cuadros, the director of human resources for FreeLife.  *See* **Exhibit 1**, Certificate of Service; **Exhibit 2**, Linda Cuadros Declaration, ¶ 2.  Ms. Cuadros's job duties include managing and administering employee benefit programs, and supporting human-resources functions such as employee relations, recruiting, compensation, and training.  She reports to the chief financial officer for FreeLife, Kevin Murphy.  *See* **Exhibit 2**, Cuadros Decl., ¶¶ 3-4.

As Ms. Cuadros explains in her declaration, on November 5 the receptionist for FreeLife called her on the phone, and said that someone had come to the offices to serve an

employee. Ms. Cuadros went to the reception area to see which employee the person wanted to serve. When she arrived, she asked the process server who he wanted to serve. He handed Ms. Cuadros a package that contained the summons and complaint, and said that FreeLife had been served. He then asked for her business card, but she told him she did not have one with her. He asked for her name and title, and she provided them. The process server then left. Ms. Cuadros did not tell him that she was authorized to accept service on behalf of FreeLife. *See id.*, Cuadros Decl., ¶¶ 9-10.

Ms. Cuadros does not qualify under either the Arizona or Federal Rules as a person who could receive service on behalf of FreeLife.

Ms. Cuadros is not a corporate officer. "An officer is a person 'elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.' " *Rogers v. Wash. Fairmont Hotel*, 404 F. Supp. 2d 56, 58 (D.D.C. 2005) (quoting Black's Law Dictionary 1117 (8th ed. 2004)). The officers of FreeLife are Raymond Faltinsky and Kevin Fournier. *See* **Exhibit 3**, Printout from the Arizona Corporation Commission. Ms. Cuadros is not an officer of the company. **Exhibit 2**, Cuadros Decl., ¶ 5.

Ms. Cuadros is also not a "managing or general agent" for FreeLife. "In order to be considered a 'managing or general agent,' a person must have broad authority encompassing general management powers, distinguished from an employee who acts in an inferior capacity and acts 'under the direction and control of the principal.' " *Rogers*, 404 F. Supp. 2d at 58 (quoting Black's Law Dictionary 69-70 (8th ed. 2004)). In *Rogers*, the district court held that a hotel's director of human resources was not a managing or general agent for the hotel because he "performs his Human Resources duties under the supervision of the Hotel's General Manager and does not exercise general management powers at the Hotel." *Id.* The same is true here. Ms. Cuadros performs her duties under the supervision of FreeLife's chief financial officer. She does not exercise general management powers at the company. *See* **Exhibit 2**, Cuadros Decl., ¶¶ 5-6; *see also Cohen v. Newsweek*, 312 F.2d 76, 78 (8th Cir.

1963) (affirming the dismissal of a complaint because the plaintiff had attempted to serve a corporation by delivering the summons and complaint to the company's personnel director).

Finally, Ms. Cuadros has never been authorized by appointment or by law to accept service on behalf of FreeLife. The company never authorized her to accept service on its behalf. *See* **Exhibit 2**, Cuadros Decl., ¶ 7; *see also Kalakosky v. Collins*, 125 Ariz. 326, 327, 609 P.2d 596, 597 (App. 1980) ("The term 'agent authorized by appointment' means actual appointment, express or implied, for the purpose of receiving service of process."). As for an agent authorized by law, FreeLife has designated CT Corporation System as its statutory agent. *See* A.R.S. §§ 10-1503(A)(5), 1510(A) (requiring foreign corporations to designate a statutory agent for service of process); **Exhibit 3**, Printout from the Arizona Corporation Commission. By checking the website of the Corporation Commission, the Plaintiff could very easily have learned of the identity and contact information of FreeLife's statutory agent. Ms. Cuadros, on the other hand, is not legally authorized to accept service on behalf of FreeLife. *See* **Exhibit 2**, Cuadros Decl., ¶ 8.

In conclusion, the Plaintiff has failed to serve FreeLife as required by Rule 4(h)(1) of the Federal Rules of Civil Procedure. This Court should therefore dismiss the complaint under Rule 12(b)(5).

RESPECTFULLY SUBMITTED December 4, 2012.

    COPPERSMITH SCHERMER & BROCKELMAN PLC

    By    */s/Scott M. Bennett*
          Kent Brockelman
          Scott M. Bennett

    *Attorneys for Defendant FreeLife International, Inc.*

**Certificate of Filing and Service**

Pursuant to the Case Management/Electronic Case Filing Administrative Policies and Procedures Manual ("CM/ECF Manual") of the United States District Court for the District of Arizona, I hereby certify that on December 4, 2012, my office electronically transmitted the foregoing Answer to the U.S. District Court clerk's office for filing.

A Notice of Electronic Filing should be sent to the assigned judge and counsel of record:

Aaron K. Johnstun
Johnstun Law Office, LLC
1443 South 550 East
Orem, Utah 84058
*Attorneys for Plaintiff*


*/s/      Michelle T. Gallegos*