Kent Brockelman (Arizona Bar No. 009627)
Scott M. Bennett (Arizona Bar No. 022350)
Coppersmith Schermer & Brockelman PLC
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-1009
(602) 224-0999
kbrockelman@csblaw.com
sbennett@csblaw.com

*Attorneys for Defendant FreeLife International, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| NLABS S.A. de C.V., a company formed under the laws of Mexico; and David Bird, an individual, | No. CV12-02081-PHX-GMS |
| Plaintiffs, | **ANSWER** |
| vs. | |
| FreeLife International, Inc., a corporation registered and doing business in Arizona, | |
| Defendant. | |

Defendant FreeLife International, Inc. ("FreeLife"), responds to the Plaintiffs'
Complaint:

### *RESPONSE TO "PARTIES & AGENTS"*

1.     FreeLife lacks knowledge or information sufficient to form a belief about the
truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2.     FreeLife lacks knowledge or information sufficient to form a belief about the
truth of the allegations in paragraph 2 of the Complaint, and therefore denies them.

{00077754.5 }

3.     In response to paragraph 3 of the Complaint, FreeLife denies that it was formerly known as FreeLife International LLC, or FreeLife International Holdings LLC.  FreeLife admits the remaining allegations in this paragraph.

4.     In response to paragraph 4 of the Complaint, FreeLife denies that Empresa FreeLife Goji is an "alter ego" of FreeLife.  FreeLife admits the remaining allegations in this paragraph.

5.     In response to paragraph 5 of the Complaint, FreeLife denies that FreeLife de Mexico is an "alter ego" of FreeLife.  FreeLife admits the remaining allegations in this paragraph.

6.     In response to paragraph 6 of the Complaint, FreeLife denies that Mr. Faltinsky "is domiciled in Arizona."  The allegation that Mr. Faltinsky "conducts business within . . . Arizona" is vague, and FreeLife therefore denies it.  FreeLife admits the remaining allegations in this paragraph.

7.     FreeLife admits the allegations in paragraph 7 of the Complaint.

8.     In response to paragraph 8 of the Complaint, FreeLife denies that Mr. Taffuri is a current director or controlling shareholder of FreeLife.  FreeLife admits the remaining allegations in this paragraph.

9.     In response to paragraph 9 of the Complaint, the allegation that Dr. Mindell was an "executive spokesman" for FreeLife is vague, and FreeLife therefore denies it.  FreeLife denies the remaining allegations in this paragraph.

10.     FreeLife denies the allegations in paragraph 10 of the Complaint.

11.     FreeLife denies the allegations in paragraph 11 of the Complaint.

12.     In response to paragraph 12 of the Complaint, FreeLife denies that Mr. Bergman is an executive or agent of FreeLife, and that he became employed by FreeLife in 2007.  FreeLife admits the remaining allegations in this paragraph.

13.     FreeLife denies the allegations in paragraph 13 of the Complaint.

14.     In response to paragraph 14, FreeLife denies that Ms. Mendez is an executive, manager or agent for FreeLife.  FreeLife further denies that Ms. Mendez is currently an

employee of FreeLife.  Her employment with the company ended in February of 2010.
FreeLife denies any further allegations in this paragraph.

15.    In response to paragraph 15 of the Complaint, FreeLife denies that Ms. Malley is an executive or agent for FreeLife, and that she became employed by FreeLife in 2007. FreeLife admits the remaining allegations in this paragraph.

16.    In response to paragraph 16 of the Complaint, FreeLife admits that Mr. Barragán is an attorney who has provided legal advice to FreeLife.  FreeLife denies the remaining allegations in this paragraph.

17.    In response to paragraph 17 of the Complaint, FreeLife admits that Mr. Thibaudeau is a former employee of FreeLife.  FreeLife denies the remaining allegations in this paragraph.

### RESPONSE TO "JURISDICTION & VENUE"

18.    In response to paragraph 18 of the Complaint, FreeLife agrees that this Court has subject-matter jurisdiction over this lawsuit.

19.    In response to paragraph 19 of the Complaint, FreeLife agrees that this Court has personal jurisdiction over all of the parties.

20.    In response to paragraph 20 of the Complaint, FreeLife admits the venue is proper in this district.

### RESPONSE TO "GENERAL ALLEGATIONS"

21.    FreeLife admits the allegations in paragraph 21 of the Complaint.

22.    In response to paragraph 22 of the Complaint, FreeLife admits that one of its products is Himalayan Goji Juice ("HGJ").  FreeLife denies the remaining allegations in this paragraph.

23.    In response to paragraph 23 of the Complaint, FreeLife denies that it exports HGJ to Brunei or Thailand.  FreeLife further denies that it imports HGJ into all of its foreign markets using local importers.  FreeLife admits the remaining allegations in this paragraph.

24.     In response to paragraph 24 of the Complaint, FreeLife denies that it imports HGJ into all of its foreign markets using local importers.  FreeLife admits the remaining allegations in this paragraph.

25.     In response to paragraph 25 of the Complaint, FreeLife admits that NLABS is a Mexican importer.  FreeLife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

26.     In response to paragraph 26 of the Complaint, FreeLife admits that in approximately October of 2003 it began discussions with NLABS about using NLABS as an importer of HGJ into Mexico.  FreeLife denies the remaining allegations in this paragraph.

27.     In response to paragraph 27 of the Complaint, FreeLife admits that it previously used Earl Mindell as a spokesperson, until the winter of 2007.  FreeLife denies the remaining allegations in this paragraph.

28.     In response to paragraph 28 of the Complaint, FreeLife admits, upon information and belief, that Mr. Taffuri provided NLABS with a Certificate of Free Sale.  That document speaks for itself, and FreeLife denies any allegations that are inconsistent with the document.  FreeLife denies the additional allegations in this paragraph.

29.     In response to paragraph 29 of the Complaint, FreeLife admits that Luke Taffuri signed a letter dated November 3, 2003, which indicated that NLABS was an importer of FreeLife's HGJ into Mexico.  The content of that letter speaks for itself, and FreeLife denies any allegation inconsistent with the document.  FreeLife denies any remaining allegations in this paragraph.

30.     In response to paragraph 30 of the Complaint, FreeLife admits that Luke Taffuri signed a letter dated November 3, 2003, which indicated that NLABS was an importer of FreeLife's HGJ into Mexico.  The content of that letter speaks for itself, and FreeLife denies any allegation inconsistent with the document.  FreeLife denies any remaining allegations in this paragraph.

31.     In response to paragraph 31 of the Complaint, FreeLife admits, upon information and belief, that Mr. Taffuri provided NLABS with a Certificate of Free Sale, documents

regarding HGJ, and documents regarding the background of Dr. Mindell.  These documents speak for themselves, and FreeLife denies any allegations inconsistent with the documents.  FreeLife further admits, upon information and belief, that in 2003 FreeLife's website indicated that HGJ was marketed as a dietary supplement in the United States.  FreeLife denies the remaining allegations in this paragraph.

32.     In response to paragraph 32 of the Complaint, FreeLife admits that NLABS first imported HGJ into Mexico on January 7, 2004 under the dietary-supplement classification, and that FreeLife and NLABS signed an International Importer Agreement on January 13, 2004.  FreeLife denies the remaining allegations in this paragraph.

33.     In response to paragraph 33 of the Complaint, FreeLife admits that it authorized NLABS to act as an importer of HGJ into Mexico.  FreeLife denies the remaining allegations in this paragraph.

34.     In response to paragraph 34 of the Complaint, the parties' contract speaks for itself, and FreeLife denies all allegations that are inconsistent with the terms of the document.  FreeLife specifically denies that FreeLife had a contractual obligation to pay all duties or taxes on the HGJ imported into Mexico.  The parties' Contract specifically states that "Importer and its employees warrant that they shall comply with all laws in the Territory and shall pay all taxes arising in connection with performance of the Agreement."  (International Importation/Importer Agreement, Section 8)  FreeLife admits that NLABS sold HGJ through distributors, and that it paid the VAT assessed by the Mexican government on two occasions in 2004.  FreeLife denies any remaining allegations in this paragraph.

35.     In response to paragraph 35 of the Complaint, FreeLife admits that it provided NLABS with the label for HGJ used in the United States, as well as a certificate of analysis.  Those documents speak for themselves, and FreeLife denies all allegations inconsistent with the documents.  FreeLife denies any remaining allegations in this paragraph.

36.     In response to paragraph 36 of the Complaint, FreeLife admits that COFEPRIS classified HGJ as a dietary supplement in approximately December of 2003.  FreeLife lacks

knowledge or information about what information NLABS submitted to COFEPRIS, and therefore denies those allegations.  FreeLife denies any remaining allegations in this paragraph.

37.     In response to paragraph 37 of the Complaint, FreeLife admits that VAT was not initially assessed upon HGJ when it was imported into Mexico by NLABS.  FreeLife lacks knowledge or information about what information NLABS supplied to COFEPRIS, and therefore denies the remaining allegations in this paragraph.

38.     The allegations in paragraph 38 of the Complaint are vague, and FreeLife therefore denies them.

39.     In response to paragraph 39 of the Complaint, FreeLife admits that on approximately June 10, 2004, COFEPRIS classified HGJ as a fruit juice.  FreeLife denies the remaining allegations in this paragraph based on a lack of knowledge or information.

40.     In response to paragraph 40 of the Complaint, FreeLife admits that COFEPRIS changed its position and reclassified HGJ as a dietary supplement.  FreeLife lacks knowledge or information about what documents or information NLABS provided to COFEPRIS, and therefore denies those allegations.  FreeLife denies any remaining allegations in this paragraph.

41.     FreeLife admits the allegations in paragraph 41 of the Complaint.

42.     In response to paragraph 42 of the Complaint, FreeLife admits that Jose Zapata encouraged FreeLife to reapply to COFEPRIS to verify the classification of HGJ.  FreeLife denies the remaining allegations in this paragraph.

43.     In response to paragraph 43 of the Complaint, FreeLife admits that NLABS objected to reapplying to COFEPRIS for reclassification.  FreeLife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

44.     In response to paragraph 44 of the Complaint, FreeLife admits that Mr. Zapata submitted an application to COFEPRIS asking it to verify the classification of HGJ.  FreeLife denies the remaining allegations in this paragraph.

45.     In response to paragraph 45 of the Complaint, FreeLife admits that, as of May 4, 2007, NLABS was authorized to import FreeLife's HGJ into Mexico.  FreeLife denies the remaining allegations in this paragraph.

46.     In response to paragraph 46 of the Complaint, FreeLife admits that COFEPRIS did not change the classification of HGJ from dietary supplement.  FreeLife lacks knowledge or information about the materials that COFEPRIS considered in making this decision, or its reasoning, and therefore denies those allegations.  FreeLife denies the remaining allegations in this paragraph.

47.     In response to paragraph 47 of the Complaint, FreeLife admits that on approximately July 9, 2007, Mr. Zapata sent a letter to Mexican Customs asking it to verify HGJ's classification as a dietary supplement.  Mr. Zapata's letter speaks for itself, and FreeLife denies any allegations inconsistent with that document.  FreeLife denies the remaining allegations in this paragraph.

48.     FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Complaint, and therefore denies them.

49.     In response to paragraph 49 of the Complaint, FreeLife admits that, as of July 9, 2007, NLABS was authorized to import FreeLife's HGJ into Mexico.  FreeLife denies the remaining allegations in this paragraph.

50.     FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint, and therefore denies them.

51.     FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint, and therefore denies them.

52.     In response to paragraph 52 of the Complaint, FreeLife denies any "fraud." FreeLife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

53.     In response to paragraph 53 of the Complaint, FreeLife admits that on approximately July 20, 2007, Mexican Customs classified HGJ as a non-alcoholic beverage. FreeLife denies the remaining allegations in this paragraph.

54.     In response to paragraph 54 of the Complaint, FreeLife admits that Mexican attorney Manuel Garcia Barragán drafted a memo dated August 9, 2007.  That memo speaks for itself, and FreeLife denies all allegations inconsistent with the document.  FreeLife lacks knowledge or information about what knowledge NLABS had as of that date, and therefore denies those allegations.  FreeLife denies any remaining allegations in this paragraph.

55.     FreeLife denies the allegations in paragraph 55 of the Complaint.

56.     FreeLife denies the allegations in paragraph 56 of the Complaint.

57.     FreeLife denies the allegations in paragraph 57 of the Complaint.

58.     FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 of the Complaint, and therefore denies them.

59.     The allegations in paragraph 59 of the Complaint are vague, and FreeLife therefore denies them.

60.     FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Complaint, and therefore denies them.

61.     In response to paragraph 61 of the Complaint, FreeLife admits that on September 21, 2007, David Bird sent an email to Luke Taffuri.  The email speaks for itself, and FreeLife denies any allegations inconsistent with that document.  FreeLife has not been able to locate the alleged August 10, 2007 email, and therefore denies all allegations about that email based on a lack of knowledge or information.

62.     In response to paragraph 62 of the Complaint, FreeLife admits that the *Burge* lawsuit was filed in 2009.  The pleadings in that matter speak for themselves, and FreeLife denies any allegations inconsistent with the documents.  FreeLife denies the remaining allegations in this paragraph.

63.     In response to paragraph 63 of the Complaint, FreeLife admits that in January of 2008 it stopped using NLABS to import HGJ into Mexico, and began using its Mexican subsidiary, which imported HGJ under the dietary-supplement classification.  FreeLife denies the remaining allegations in this paragraph.

64.     FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 of the Complaint, and therefore denies them.

65.     In response to paragraph 65 of the Complaint, FreeLife admits that SAT issued a resolution dated July 31, 2008, that assessed the amount of $39,052,674.16 pesos against NLABS.  FreeLife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

66.     In response to paragraph 66 of the Complaint, FreeLife admits that NLABS has informed FreeLife of the resolution by SAT, and asked FreeLife to pay the amount assessed by SAT.  FreeLife denies the remaining allegations in this paragraph.

67.     FreeLife denies the allegations in paragraph 67 of the Complaint.

68.     FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 of the Complaint, and therefore denies them.

69.     In response to paragraph 69 of the Complaint, FreeLife admits that it stopped using NLABS as an importer in January of 2008.  FreeLife denies the remaining allegations in this paragraph.

70.     In response to paragraph 70 of the Complaint, FreeLife admits that in January of 2008 it stopped using NLABS to import HGJ into Mexico, and began using its Mexican subsidiary, which imported HGJ under the dietary-supplement classification.  FreeLife denies the remaining allegations in this paragraph.

71.     FreeLife denies the allegations in paragraph 71 of the Complaint.

### RESPONSE TO "CLAIM I (Breach of Contract)"

72.     Paragraph 72 of the Complaint makes no new allegations.  FreeLife incorporates by reference its responses to paragraphs 1-71.

73.     In response to paragraph 73 of the Complaint, FreeLife admits that it entered into an importation agreement with NLABS effective January 13, 2004.  FreeLife denies that it was formerly known as FreeLife International LLC.

74.     FreeLife denies the allegations in paragraph 74 of the Complaint.

75.     In response to paragraph 75 of the Complaint, FreeLife admits that letters of appointment were issued to NLABS on November 9, 2005, and January 12, 2007.  FreeLife denies the remaining allegations in this paragraph.

76.     FreeLife denies the allegations in paragraph 76 of the Complaint.

77.     FreeLife denies the allegations in paragraph 77 of the Complaint.

78.     In response to paragraph 78 of the Complaint, FreeLife admits that NLABS secured the tariff classification for HGJ, and imported it into Mexico from January 2004 until January 2008.  FreeLife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

79.     In response to paragraph 79 of the Complaint, FreeLife admits that in approximately May of 2007, Mr. Zapata asked COFEPRIS to verify the classification of HGJ. FreeLife lacks knowledge or information about whether NLABS knew that Mr. Zapata had approached COFEPRIS, and therefore denies those allegations.  FreeLife denies any remaining allegations in this paragraph.

80.     In response to paragraph 80 of the Complaint, FreeLife admits that in approximately July of 2007, Mr. Zapata asked Mexican Customs to verify the classification of HGJ.  FreeLife lacks knowledge or information about whether NLABS was aware of this at the time, and therefore denies those allegations.  FreeLife denies any remaining allegations in this paragraph.

81.     FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 of the Complaint, and therefore denies them.

82.     FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 of the Complaint, and therefore denies them.

83.     FreeLife denies the allegations in paragraph 83 of the Complaint.

84.     In response to paragraph 84 of the Complaint, FreeLife admits that, on approximately July 9, 2007, Mexican Customs reclassified HGJ as a non-alcoholic beverage. FreeLife lacks knowledge or information about the materials that Mexican Customs

considered, or the rationale for its decision, and therefore denies those allegations. FreeLife denies any remaining allegations in this paragraph.

85.     FreeLife lacks knowledge or information sufficient to form a belief about the allegations in paragraph 85 of the Complaint, and therefore denies them.

86.     The allegations in paragraph 86 of the Complaint are vague, and FreeLife therefore denies them.

87.     In response to paragraph 87 of the Complaint, FreeLife admits that SAT issued a resolution dated July 31, 2008, that assessed the amount of $39,052,674.16 pesos against NLABS. FreeLife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

88.     FreeLife denies the allegations in paragraph 88 of the Complaint.

89.     FreeLife denies the allegations in paragraph 89 of the Complaint.

90.     In response to paragraph 90 of the Complaint, FreeLife admits that NLABS and Mr. Bird have asked FreeLife to pay the assessment by SAT. FreeLife denies any remaining allegations in this paragraph.

91.     In response to paragraph 91 of the Complaint, FreeLife admits that NLABS and Mr. Bird have asked FreeLife to pay the assessment by SAT. FreeLife denies any remaining allegations in this paragraph.

92.     In response to paragraph 92 of the Complaint, FreeLife admits that SAT has assessed the amount of $39,052,674.16 pesos against NLABS, and that FreeLife has not paid that amount to SAT. FreeLife denies any remaining allegations in this paragraph.

93.     In response to paragraph 93 of the Complaint, FreeLife denies that it has engaged in any "fraudulent" or otherwise wrongful conduct. FreeLife lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph, and therefore denies them.

94.     In response to paragraph 94 of the Complaint, FreeLife admits that its Contract with NLABS contains an indemnification provision. That provision speaks for itself, and

FreeLife denies any allegations inconsistent with the provision.  FreeLife denies any remaining allegations in this paragraph.

95.    In response to paragraph 95 of the Complaint, FreeLife admits it stopped using NLABS to import HGJ into Mexico, and began using EmpresaMex and FreeLife Mex. FreeLife denies the remaining allegations in this paragraph.

96.    FreeLife denies the allegations in paragraph 96 of the Complaint.

97.    FreeLife denies the allegations in paragraph 97 of the Complaint.

98.    FreeLife denies the allegations in paragraph 98 of the Complaint.

99.    FreeLife denies the allegations in paragraph 99 of the Complaint.

**RESPONSE TO "CLAIM II (Breach of Covenant of Good Faith & Fair Dealing)"**

100.    Paragraph 100 of the Complaint makes no new allegations.  FreeLife incorporates by reference its responses to paragraphs 1-99.

101.    FreeLife admits the allegations in paragraph 101 of the Complaint.

102.    FreeLife denies the allegations in paragraph 102 of the Complaint.

103.    FreeLife denies the allegations in paragraph 103 of the Complaint.

104.    FreeLife denies the allegations in paragraph 104 of the Complaint.

105.    FreeLife denies the allegations in paragraph 105 of the Complaint.

106.    FreeLife denies the allegations in paragraph 106 of the Complaint.

107.    FreeLife denies the allegations in paragraph 107 of the Complaint.

108.    FreeLife denies the allegations in paragraph 108 of the Complaint.

109.    FreeLife denies the allegations in paragraph 109 of the Complaint.

110.    FreeLife denies the allegations in paragraph 110 of the Complaint.

111.    FreeLife denies the allegations in paragraph 111 of the Complaint.

112.    FreeLife denies the allegations in paragraph 112 of the Complaint.

113.    FreeLife denies the allegations in paragraph 113 of the Complaint.

114.    FreeLife denies the allegations in paragraph 114 of the Complaint.

### RESPONSE TO "CLAIM III (Negligence)"

115.     Paragraph 115 of the Complaint makes no new allegations.  FreeLife incorporates by reference its responses to paragraphs 1-114.

116.     The allegations in paragraph 116 of the Complaint are vague, ambiguous, and confusing.  FreeLife does not understand the allegations in this paragraph, and therefore denies them.

117.     FreeLife denies the allegations in paragraph 117 of the Complaint.

118.     FreeLife denies the allegations in paragraph 118 of the Complaint.

119.     FreeLife denies the allegations in paragraph 119 of the Complaint.

120.     FreeLife denies the allegations in paragraph 120 of the Complaint.

121.     FreeLife denies the allegations in paragraph 121 of the Complaint.

122.     FreeLife denies the allegations in paragraph 122 of the Complaint.

### RESPONSE TO "CLAIM IV (Fraudulent Misrepresentation)"

123.     Paragraph 123 of the Complaint makes no new allegations.  FreeLife incorporates by reference its responses to paragraphs 1-122.

124.     In response to paragraph 124 of the Complaint, FreeLife admits that on approximately May 4, 2007, Mr. Zapata asked COFEPRIS to verify the classification of HGJ. FreeLife denies the remaining allegations in this paragraph.

125.     FreeLife denies the allegations in paragraph 125 of the Complaint.

126.     In response to paragraph 126 of the Complaint, FreeLife lacks knowledge or information about NLABS's knowledge or consent, and therefore denies those allegations. FreeLife denies the remaining allegations in this paragraph.

127.     FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127 of the Complaint, and therefore denies them.

128.     In response to paragraph 128 of the Complaint, FreeLife admits that on May 31, 2007, Ruben Lopez sent an email to Enrique Heron Jimenez Ramirez.  That email speaks for itself, and FreeLife denies any allegations inconsistent with that document.

129.     In response to paragraph 129 of the Complaint, FreeLife admits that on May 31, 2007, Ruben Lopez sent an email to Enrique Heron Jimenez Ramirez.  That email speaks for itself, and FreeLife denies any allegations inconsistent with that document.

130.     In response to paragraph 130 of the Complaint, FreeLife admits that on May 31, 2007, Ruben Lopez sent an email to Enrique Heron Jimenez Ramirez.  That email speaks for itself, and FreeLife denies any allegations inconsistent with that document.

131.     In response to paragraph 131 of the Complaint, FreeLife admits that on June 1, 2007, Enrique Heron Jimenez Ramirez sent an email to Ruben Lopez.  That email speaks for itself, and FreeLife denies any allegations inconsistent with that document.

132.     In response to paragraph 132 of the Complaint, FreeLife admits that on June 19, 2007, Jose Zapata responded to an email from Oscar at NLABS.  That email speaks for itself, and FreeLife denies any allegations inconsistent with that document.

133.     In response to paragraph 133 of the Complaint, FreeLife admits that on June 19, 2007, Jose Zapata responded to another email from Oscar at NLABS.  That email speaks for itself, and FreeLife denies any allegations inconsistent with that document.

134.     In response to paragraph 134 of the Complaint, FreeLife admits that on July 2, 2007, Tom Bergman sent an email to David Bird and Oscar at NLABS.  FreeLife, however, is not certain that the email it has located is the same one alleged in this paragraph.  In any event, the email that FreeLife has located speaks for itself, and FreeLife denies any allegations inconsistent with that document.

135.     In response to paragraph 135 of the Complaint, FreeLife admits that on July 2, 2007, Tom Bergman sent an email to David Bird and Oscar at NLABS.  That email speaks for itself, and FreeLife denies any allegations inconsistent with that document.

136.     In response to paragraph 136 of the Complaint, FreeLife admits that on approximately July 9, 2007, Jose Zapata asked Mexican Customs to verify the classification of HGJ.  FreeLife lacks knowledge or information about the materials or information that Mr. Zapata submitted to Mexican Customs, and therefore denies those allegations.  FreeLife denies any remaining allegations in this paragraph.

137.    FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137 of the Complaint, and therefore denies them.

138.    In response to paragraph 138 of the Complaint, FreeLife admits that Jose Zapata sent a letter dated July 9, 2007, to Mexican Customs.  That letter speaks for itself, and FreeLife denies any allegations inconsistent with that document.

139.    In response to the allegations in paragraph 139 of the Complaint, FreeLife admits that on July 18, 2007, Oscar of NLABS responded to an email from Jose Zapata.  FreeLife, however, is not certain if this is the same email alleged in the complaint.  In any event, the email that FreeLife has located speaks for itself, and FreeLife denies any allegations inconsistent with that document.

140.    In response to the allegations in paragraph 140 of the Complaint, FreeLife admits that on July 18, 2007, Oscar of NLABS responded to an email from Jose Zapata.  FreeLife, however, is not certain if this is the same email alleged in the complaint.  In any event, the email that FreeLife has located speaks for itself, and FreeLife denies any allegations inconsistent with that document.

141.    In response to the allegations in paragraph 141 of the Complaint, FreeLife admits that on July 18, 2007, Oscar of NLABS responded to an email from Jose Zapata.  FreeLife, however, is not certain if this is the same email alleged in the complaint.  In any event, the email that FreeLife has located speaks for itself, and FreeLife denies any allegations inconsistent with that document.

142.    In response to paragraph 142 of the Complaint, FreeLife admits that on approximately July 20, 2007, Mexican Customs issued a ruling that classified HGJ as a non-alcoholic beverage, which initially made HGJ subject to VAT when imported.

143.    In response to paragraph 143 of the Complaint, FreeLife admits that on July 20, 2007, Maria Mendes responded to an email from Oscar of NLABS.  That email speaks for itself, and FreeLife denies any allegations inconsistent with that document.

144.    In response to paragraph 144 of the Complaint, the phrase "Fully aware of Customs' July 20, 2007 'non-alcoholic beverage' reclassification" is vague, and FreeLife therefore denies those allegations.  FreeLife admits the remaining allegations in this paragraph.

145.    In response to paragraph 145 of the Complaint, the August 9, 2007 memorandum by Barragán speaks for itself, and FreeLife denies any allegations inconsistent with the document.

146.    In response to paragraph 146 of the Complaint, the August 9, 2007 memorandum by Barragán speaks for itself, and FreeLife denies any allegations inconsistent with the document.

147.    In response to paragraph 147 of the Complaint, FreeLife admits that Benjamin Thibaudeau is listed on the memo as a recipient.

148.    FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148 of the Complaint, and therefore denies them.

149.    FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149 of the Complaint, and therefore denies them.

150.    FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150 of the Complaint, and therefore denies them.

151.    In response to paragraph 151 of the Complaint, FreeLife admits that some time in 2007 it asked NLABS to import a shipment of HGJ.   FreeLife denies the remaining allegations in this paragraph.

152.    FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152 of the Complaint, and therefore denies them.

153.    In response to paragraph 153 of the Complaint, FreeLife admits that it used NLABS to import shipments of HGJ until January 2008 because FreeLife Mex was unable to import into Mexico.  FreeLife denies the remaining allegations in this paragraph.

154.    In response to paragraph 154 of the Complaint, FreeLife admits that on September 21, 2007, David Bird sent an email to FreeLife.  That email speaks for itself, and FreeLife denies any allegations inconsistent with that document.

155.   In response to paragraph 155 of the Complaint, FreeLife admits that on September 26, 2007, Maria Mendez sent an email to David Bird.  That email speaks for itself, and FreeLife denies any allegations inconsistent with that document.  FreeLife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

156.   FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156 of the Complaint, and therefore denies them.

157.   The allegations in paragraph 157 of the Complaint are vague, and FreeLife therefore denies them.

158.   FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 158 of the Complaint, and therefore denies them.

159.   In response to paragraph 159 of the Complaint, FreeLife admits that EmpresaMex applied for a VAT exemption for HGJ, but the application was submitted on November 12, 2007.  FreeLife denies any remaining allegations in this paragraph.

160.   In response to paragraph 160 of the Complaint, FreeLife admits that it imported a shipment of HGJ through EmpresaMex on December 4, 2007.  FreeLife denies the remaining allegations in this paragraph.

161.   FreeLife admits the allegations in paragraph 161 of the Complaint.

162.   FreeLife admits the allegations in paragraph 162 of the Complaint.

163.   In response to paragraph 163 of the Complaint, FreeLife lacks knowledge or information about what NLABS believed, and therefore denies those allegations.  FreeLife denies the remaining allegations in this paragraph.

164.   In response to paragraph 164 of the Complaint, FreeLife admits that on March 12, 2008, Jose Zapata sent an email to Oscar of NLABS.  The emails speaks for itself, and FreeLife denies any allegations inconsistent with that document.  FreeLife lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

165.    FreeLife lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 165 of the Complaint, and therefore denies them.

166.    FreeLife denies the allegations in paragraph 166 of the Complaint.

167.    FreeLife denies the allegations in paragraph 167 of the Complaint.

168.    FreeLife denies the allegations in paragraph 168 of the Complaint.

169.    In response to paragraph 169 of the Complaint, FreeLife admits that it has stopped using NLABS as an importer.  FreeLife denies the remaining allegations in this paragraph.

170.    FreeLife denies the allegations in paragraph 170 of the Complaint.

171.    FreeLife denies the allegations in paragraph 171 of the Complaint.

172.    FreeLife denies the allegations in paragraph 172 of the Complaint.

173.    FreeLife denies the allegations in paragraph 173 of the Complaint.

174.    FreeLife denies the allegations in paragraph 174 of the Complaint.

175.    FreeLife denies the allegations in paragraph 175 of the Complaint.

### RESPONSE TO "CLAIM V (Fraudulent Concealment)"

176.    Paragraph 176 of the Complaint makes no new allegations.  FreeLife incorporates by reference its responses to paragraphs 1-175.

177.    FreeLife denies the allegations in paragraph 177 of the Complaint.

178.    FreeLife denies the allegations in paragraph 178 of the Complaint.

179.    FreeLife denies the allegations in paragraph 179 of the Complaint.

180.    FreeLife denies the allegations in paragraph 180 of the Complaint.

181.    FreeLife denies the allegations in paragraph 181 of the Complaint.

182.    FreeLife denies the allegations in paragraph 182 of the Complaint.

183.    FreeLife denies the allegations in paragraph 183 of the Complaint.

184.    FreeLife denies the allegations in paragraph 184 of the Complaint.

185.    FreeLife denies the allegations in paragraph 185 of the Complaint.

186.    FreeLife denies the allegations in paragraph 186 of the Complaint.

**RESPONSE TO "CLAIM VI (*Declaratory Judgment Pursuant to 28 U.S.C. §2201*)"**

187.     Paragraph 187 of the Complaint makes no new allegations.  FreeLife incorporates by reference its responses to paragraphs 1-186.

188.     Paragraph 188 of the Complaint contains legal conclusions, to which FreeLife is not required to respond.  To the extent that the Court determines that a response is required, FreeLife denies the allegations.

189.     FreeLife denies the allegations in paragraph 189 of the Complaint.

190.     The allegations in paragraph 190 of the complaint are vague, and FreeLife therefore denies them.

191.     The allegations in paragraph 191 of the complaint are vague, and FreeLife therefore denies them.

192.     In response to paragraph 192 of the Complaint, FreeLife denies that the plaintiffs are entitled to declaratory relief.

193.     FreeLife denies the allegations in paragraph 193 of the Complaint.

194.     FreeLife denies the allegations in paragraph 194 of the Complaint.

195.     FreeLife denies the allegations in paragraph 195 of the Complaint.

## GENERAL DENIALS

196.     FreeLife denies every allegation in the Complaint that it has not specifically admitted in this Answer.

197.     Many of the documents referred to in the Complaint were originally in Spanish. At this early stage of the litigation, FreeLife is not certain which documents were originally in Spanish, and which were originally in English.  For those documents that have been translated into English, FreeLife does not yet know whether the translations are accurate.  FreeLife therefore reserves the right to amend any responses in this Answer regarding emails or other documents.

## AFFIRMATIVE AND OTHER DEFENSES

198.     Some or all of the Plaintiffs' claims are barred by the applicable statutes of limitations.

199.   Some or all of the Plaintiffs' claims are barred by the doctrines of laches, waiver, estoppel, and unclean hands.

200.   Some or all of the Plaintiffs' causes of action fail to state a claim for relief.

201.   Plaintiff David Bird lacks standing to bring any claim based on the contract between FreeLife and NLABS.

202.   The Plaintiffs have failed to mitigate their alleged damages.

203.   FreeLife does not knowingly or intentionally waive any defense.  FreeLife reserves the right to raise additional defenses as information and evidence comes to light during the litigation.

<b>PRAYER FOR RELIEF</b>

Defendant FreeLife International, Inc., respectfully requests that this Court:

1.  Dismiss the Complaint with prejudice.

2.  Award FreeLife its costs and attorneys' fees under the parties' International Importation Agreement, and any applicable authority.

3.  Order any other relief that this Court decides is appropriate.


RESPECTFULLY SUBMITTED January 23, 2013.

COPPERSMITH SCHERMER & BROCKELMAN PLC


By    */s/Scott M. Bennett*
        Kent Brockelman
        Scott M. Bennett

*Attorneys for Defendant FreeLife International, Inc.*

1

**Certificate of Filing and Service**

2

3          Pursuant to the Case Management/Electronic Case Filing Administrative Policies and
Procedures Manual ("CM/ECF Manual") of the United States District Court for the District of
Arizona, I hereby certify that on January 23, 2013, my office electronically transmitted the
4 foregoing Answer to the U.S. District Court clerk's office for filing.

5

6          A Notice of Electronic Filing should be sent to the assigned judge and counsel of
record:

7

8 Aaron K. Johnstun
Johnstun Law Office, LLC
1443 South 550 East
9 Orem, Utah  84058
*Attorneys for Plaintiff*
10

11

12 */s/      Michelle T. Gallegos*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28